In the Matter of BERNARD ARONSON, an Attorney, Respondent.

First Department, May 8, 1942.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Irving S. Giles* of counsel [*Metcalf, Giles & Allen*, attorneys], for the respondent.

PER CURIAM. In December, 1940, the respondent collected $250 in settlement of an action brought by him in behalf of one William Caldwell, with whom he had an agreement that he should be entitled to fifty per cent of any recovery or settlement. He applied to his own use the entire amount collected, ignoring requests for information as to the status of the case.

On September 18, 1941, the Grievance Committee of the petitioner heard a complaint regarding the matter, notice of which complaint and hearing had previously been given the respondent. The latter did not appear, and up to that time had not paid his client his share of the settlement. A few days thereafter he paid the $125 to which his client was entitled.

The respondent also failed to comply with the rules of this department requiring the filing of a statement of his retainer and notifying his client of the collection.

The respondent admitted the conversion of his client's share of the settlement as aforesaid. He urged, in extenuation, his own personal financial needs, coupled with his expectation of receiving a substantial fee in connection with a judgment recovered against the city of New York, in the sum of $50,000, negotiations for the settlement of which were then pending. They were not consummated, however. Instead an appeal was taken.

As this court has often heretofore pointed out, disciplinary action must necessarily follow the deliberate conversion of a client's funds. Making due allowance for the fact of restitution and other mitigating circumstances in the respondent's record, he should be suspended for three months with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.

Respondent suspended for three months.